| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| SAMUEL TORRES, | § § | |
| Petitioner, | § § | |
| versus | § § | CIVIL ACTION NO. 1:17-CV-461 |
| WARDEN FCC - BEAUMONT LOW, | § § | |
| Respondent. | § § | |

# MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Samuel Torres, an inmate formerly confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the above-styled petition should be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections are without merit. In reviewing prison administrative actions, the Court must uphold administrative decisions unless they are arbitrary and capricious. *Steward v. Thigpen*, 730 F.2d 1002, 2005 (5th Cir. 1984).

Petitioner has failed to show the actions of the disciplinary hearing officer were arbitrary and capricious or an abuse of discretion.

As detailed in the Report, the disciplinary conviction was supported by some evidence and petitioner has failed to show a constitutional violation. Further, petitioner has failed to show prejudice regarding the claims presented in this petition. The evidence on which petitioner bases his argument would not have precluded a finding of constructive possession of the contraband items since petitioner still had dominion and control over the premises in which the contraband was located, and he was responsible for keeping the area contraband free. *See Flannagan v Tamez*, 368 F. App'x 586, 589 at n.5 (5th Cir. 2010) (finding even if one of the other five inmates in a cell placed contraband in wall next to petitioner's bunk, that would not preclude DHO's finding of constructive possession). Further, it is noted that the officers found six cell phones, ten cell phone batteries, twelve cell phone chargers, and various cell phone parts in petitioner's cell. The large quantity and variety of contraband items found in his cell indicates an on-going enterprise and that petitioner was, at a minimum, knowledgeable of the contraband in his cell. Therefore, petitioner's claims are without merit, and the petition should be denied and dismissed.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 21st day of January, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE